## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

| | |
|---|---|
| In re: BRADFORD WAYNE STEWART,<br>Debtor. | Case No.: 3:20-bk-14509<br>Chapter 11 |
| **BRADFORD WAYNE STEWART** | **PLAINTIFF** |
| v. | AP No. 3:23-ap-01057 |
| **NAVIENT SOLUTIONS, LLC; NAVIENT CREDIT FINANCIAL CORPORATION; ACAPITA EDUCATION FINANCE; THE STUDENT LOAN CORPORATION; DISCOVERY FINANCIAL SERVICES d/b/a DISCOVER STUDENT LOANS; NELNET SERVICING, LLC d/b/a FIRSTMARK SERVICES; UNIVERSITY ACCOUNTING SERVICE, LLC; HEATHER STEWART; and SYDNEY HOMSHER** | **DEFENDANTS** |

### NAVIENT SOLUTIONS, LLC'S AND
### NAVIENT CREDIT FINANCE CORPORATION'S
### MOTION TO DISMISS ADVERSARY PROCEEDING

Come now the Defendants, Navient Solutions, LLC ("**NSL**") and Navient Credit Finance Corporation ("**NCFC**"), on behalf of themselves and named Defendant "Navient Credit Financial Corporation" (collectively "**Navient**"), by and through undersigned counsel, hereby move this Honorable Court for an Order dismissing the above-captioned adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Bankr. P. 7012(b), for lack of ripeness. Alternatively, Navient seeks an Order dismissing the adversary proceeding for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Bankr. P. 7012(b). In support thereof, Navient represents as follows:

Procedural Facts and History

1. On December 11, 2020, Bradford Wayne Stewart (the "Debtor" or "Plaintiff") filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code.

2. Navient is the holder of claims in Debtor's underlying bankruptcy case pursuant to the applicable terms of four (4) educational loan promissory notes, reflecting educational loans disbursed between 2006 and 2007, with an aggregate balance of approximately $112,422.21 at the time the instant adversary proceeding was filed.[1]  *See*, Claims 2 - 5 filed in the underlying bankruptcy case.

3. On July 13, 2022, the case was converted to an individual filing under Chapter 11 of the Bankruptcy Code.  *See*, Bankruptcy Docket #147.

4. The Debtor filed a Chapter 11 Plan on August 18, 2022.  *See*, Bankruptcy Docket #174.

5. The Debtor's Chapter 11 Plan was confirmed on September 28, 2022.  *See*, Bankruptcy Docket #188.

6. The Debtor's Chapter 11 Plan proposes payments over a minimum 60-month (5 year) period.  *See*, Bankruptcy Docket #174.

7. On October 13, 2023, the Plaintiff filed a Complaint seeking a determination of dischargeability of his student loan debt pursuant to 11 U.S.C. § 523(a)(8).  *See*, Adversary Docket #1.

8. Because the matters alleged in the Plaintiff's Complaint are not ripe until a discharge is entered or imminent, this Court lacks subject matter jurisdiction and should dismiss the Complaint, without prejudice.

---

[1] Navient is also the servicer of a Consolidation Loan, made under the Federal Family Education Loan Program ("FFELP") and guaranteed by American Student Assistance, on which the Plaintiff is liable.  *See*, Claim 1.

Argument and Authorities

Pursuant to 11 U.S.C. § 1141(d)(2), "[a] discharge under [Chapter 11] does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title." Moreover, "[i]n a case in which the debtor is an individual … confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan." 11 U.S.C. § 1141(d)(5)(A).

The discharge of student loan debt occurs, if at all, when the court enters the order of discharge in the main bankruptcy case; the discharge of a student loan is not a separate, identifiable event. Bender v. Educ. Credit Management Corp. (In re Bender), 368 F.3d 846, 847 (8th Cir. 2004), *aff'g* 297 B.R. 126 (D. Neb. 2003). As such, the entry of an order in an adversary proceeding finding that a loan is dischargeable does not in and of itself discharge the loan. Any discharge of student loan debt occurs only upon the entry of the order of discharge in the underlying bankruptcy case. Id.

A motion to dismiss based on ripeness constitutes a challenge to the Court's subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), made applicable by Fed.R.Bankr.P. 7012. Ripeness arises from two limitations on a federal court's jurisdiction: constitutional and prudential. Educ. Credit Management Corp. v. Coleman (In re Coleman), 560 F.3d 1000, 1004 (9th Cir. 2009). Constitutional ripeness derives from Article III, which charges federal courts with the resolution of "cases and controversies" and precludes advisory opinions. *See* U.S. Const. art. III, § 2; In re Bender, 368 F.3d 847 ("The ripeness doctrine is rooted both in the limits of Article III of the constitution and 'on discretionary reasons of policy'"; "The Constitution charges Article III courts with resolution of 'cases and controversies,' precluding them from rendering advisory opinions."). As such, to the extent the Plaintiff's Complaint requests a dischargeability determination during

3

the infancy of his Chapter 11 Plan and years prior to when any discharge could be entered, such issues are not constitutionally ripe, as any dischargeability determination would be an advisory opinion, disallowed by Article III. *See also* Texas v. U.S., 523 U.S. 296, 300 (1998)("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"); Owens v. Educ. Credit Management Corp. (In re Owens), Case No. 18-10211-KKS, Adv. No. 20-01002-KKS, 2020 WL 4000851, at *3 (Bankr. N.D. Fla. May 28, 2020)("Until Plaintiff completes most, if not all, payments under a confirmed plan, a ruling by this Court that Plaintiff is entitled to discharge his [student] Loans will be, essentially, an advisory opinion.").

Moreover, even if constitutional ripeness is met, prudential concerns dictate that courts should "avoid wasting scarce judicial resources in attempts to resolve speculative or indeterminate factual issues." In re Bender, 368 F.3d at 848. Bankruptcy courts are "busy enough deciding ripe actions and [do] not need to waste time deciding cases that are not ripe." Walton v. Sallie Mae Educ. Credit Fin. Corp. (In re Walton), 340 B.R. 892, 894 (Bankr. S.D. Ind. 2006).

Given the prevalence of Chapter 13 bankruptcy filings compared to individual Chapter 11 filings, a majority of opinions discussing the ripeness of dischargeability determinations involve Chapter 13 proceedings. While the instant matter involves an individual Chapter 11 debtor, "relief for individual debtors under chapter 11 is comparable to chapter 13 relief insofar as a debtor's discharge generally depends on completing plan payments under 11 U.S.C. § 1141(d)(5)." In re Smith, Bankr. Case No. 13-17204, Adv. Proc. No. 13-1248, 2014 WL 7745851, at n.9 (Bankr. N.D. Ohio Dec. 1, 2014). Ultimately, because of the uncertainty as to a whether a debtor will successfully complete an individual Chapter 11 or Chapter 13 Plan and receive a discharge, the majority of courts have held that a dischargeability determination should not be made until the

debtor has received or is very close to receiving a discharge, after making their required plan payments. *See, e.g.*, In re Bender, *supra* (finding that a student loan adversary proceeding filed by a Chapter 13 debtor is not yet ripe for adjudication until the bankruptcy discharge is entered or imminent); Boaz v. ISM Educ. Loans and Student Loan Fin. Corp. (In re Boaz), 386 B.R. 756 (Bankr. D.N.D. 2008); In re Walton, *supra*; Pair v. U.S. Dep't of Educ. (In re Pair), 269 B.R. 719, 721 (Bankr. N.D. Ala. 2001)("[T]he issue is not ripe for adjudication until the end of a Chapter 13 case …."); Soler v. United States of America (In re Soler), 250 B.R. 694, 697 (Bankr. D. Minn. 2000)("A dischargeability determination is only necessary if there is a discharge. Under the current circumstances, the debtor's discharge is not only remote in time, it is speculative."); Raisor v. Educ. Loan Servicing Ctr., Inc. (In re Raisor), 180 B.R. 163, 167 (Bankr. E.D. Tex. 1995)("[P]roceeding further at this time is an inefficient use of very limited judicial resources. If the Plan fails and the case is dismissed, a judgment discharging the [student loans] would become moot and the trial would have been unnecessary."); Sheppard v. U.S. Dep't of Educ. (In re Sheppard), Case No. 2:16-bk-20208; Adv. No. 2:16-ap-02049, 2017 WL 690927 (Bankr. S.D.W.V. Feb 21, 2017); Vines v. Navient Solutions, Inc. (In re Vines), Case No. 16-41808-PWB, Adv. No. 16-4045-PWB, 2017 WL 213806 (Bankr. N.D. Ga. Jan. 18, 2017)("[A] determination of dischargeability is best made near the end of a chapter 13 case."); Brantley v. U.S. Dep't of Educ. (In re Brantley), Case No. 15-81516-WRS, Adv. No. 16-8002-WRS, 2016 WL 3003429 (Bankr. M.D. Ala. May 17, 2016); Murray v. Educ. Credit Management Corp. (In re Murray), Case No. 14-22253, Adv. No. 15-6016, 2015 WL 3929582 (Bankr. D. Kan. June 24, 2015).

In the instant matter, the Plaintiff's Chapter 11 Plan provides for plan payments over a minimum five (5) year period, contemplating a de minimis pro rata dividend to unsecured creditors. However, the Plan was confirmed just over a year ago and it is unknown whether the

5

Plaintiff will be able to successfully complete the plan and obtain a discharge four (4) or more years from now, when the last plan payment would be due. As such, it would be a waste of resources, both the Court's and parties', to proceed with this adversary proceeding at the infancy of Plaintiff's Chapter 11 case. If the Court were to try the case at this time and, assuming arguendo, found that the Debtor's student loan obligations should be discharged but the underlying Chapter 11 case is later dismissed, any finding that the student loan debt was dischargeable would become moot, the parties and the Court having needlessly expended time, effort and limited resources. Conversely, the Debtor will not suffer any harm by delaying the dischargeability determination until discharge is entered or imminent. The parties will, however, be harmed if this matter is tried prior to the conclusion of the Chapter 11 case, as they would be subjected to the expense of litigation subject to the potential that a ruling by this Court will be mooted by a subsequent dismissal of the Chapter 11 case.

Because any determination of dischargeability of the educational loans at issue is not yet ripe, the Plaintiff's Complaint should be dismissed, without prejudice, until the Plaintiff has completed, or is close to completing, the required payments under his Plan. *See, e.g.*, In re Vines, *supra* (on basis of prudential ripeness, court dismissed complaint without prejudice to refiling when completion of the Chapter 13 Plan was imminent); In re Brantley, *supra* (in chapter 13 case in which plan had not yet been confirmed, bankruptcy court granted the Department of Education's motion to dismiss adversary proceeding without prejudice on grounds of prudential ripeness); In re Pair, *supra* (court dismissed adversary proceeding on basis that dischargeability determination was not ripe until the end of the Debtor's Chapter 13 case); In re Si Tanka Univ., Bankr. No. 05-30027, Adv. Proc. No. 05-3006, 2006 WL 852127, at * (Bankr. D.S.D. Jan. 27, 2006)("A matter is not ripe for adjudication if deciding the matter would resolve speculative or indeterminate factual

6

issues. This rule applies to declaratory judgment actions.")(citing In re Bender, *supra*; Public Water Supply Dist. 8 of Clay County, Mo. v. City of Kearney, Mo., 401 F.3d 930, 932 (8th Cir.2005); Gilbertson Restaurants, 2004 WL 2357985, slip op. at 3 (Bankr. N.D. Iowa Oct. 12, 2004).

Ineffective Service

On October 13, 2023, the Clerk of the Court issued a Summons in an Adversary Proceeding (the "Summons"). *See*, Adversary Docket #2. Pursuant to Fed.R.Bankr.P. 7004(e), service of the Complaint and Summons must be made within 7 days after issuance of the Summons. Pursuant to Fed.R.Civ.P. 4(l), made applicable to adversary proceedings by Fed.R.Bankr.P. 7004(a)(1), "proof of service must be made to the court ... by the server's affidavit." To date, which is more than 7 days after issuance of the Summons, Plaintiff has not filed proof of service of the Summons.

Moreover, pursuant to Fed.R.Bankr.P 7004(b)(3), service of the Summons and Complaint "may be made within the United States by first class mail postage prepaid … Upon a domestic or foreign corporation … by *mailing* a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process …." (emphasis added). The Certificate of Service attached to Plaintiff's Complaint alleges "service" solely via notification from the Court's electronic filing system; it does not allege service of the Complaint and Summons by mail "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" as required by Fed.R.Bankr.P 7004(b)(3). Moreover, it is unclear if any of the named defendants would have even received such notice (as opposed to service) of the instant adversary proceeding.

7

Plaintiff's failure to properly serve the Summons and Complaint, and file proof of said service, within the prescribed time, is grounds for dismissal for insufficient service of process under Fed.R.Civ.P. 12(b)(5), made applicable to adversary proceedings by Fed.R.Bankr.P. 7012(b).

**WHEREFORE**, Navient Solutions, LLC and Navient Credit Finance Corporation respectfully request that this Honorable Court enter an Order dismissing the instant Adversary Proceeding, without prejudice, for lack of ripeness and insufficient service of process, and for such other and further relief as this Court should deem just and appropriate.

Respectfully Submitted,

By:  */s/ J. Brad Moore*
J. Brad Moore (2010197)
Wetzel and Moore, P.A.
212 Center Street, 10th Floor
Little Rock, AR  72201
Telephone: (501) 663-0535
Facsimile: (501) 372-1550
Email: jbmoore@wetzelandmoore.com
*Attorneys for Navient Solutions, LLC and Navient Credit Finance Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November 2023, a true and correct copy of *Navient Solutions, LLC's and Navient Credit Finance Corporation's Motion to Dismiss Adversary Proceeding* thereon, was served upon the following parties either electronically, or by depositing said copies in the U.S. mail, postage prepaid, properly addressed as follows:

Kevin P. Keech
KEECH LAW FIRM, PA
2011 S. Broadway
Little Rock, AR  72206
Email: kkeech@keechlawfirm.com

 */s/ J. Brad Moore*
J. Brad Moore (2010197)

8