UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
(Northern Division)

| | |
|---|---|
| **In re: BRADFORD WAYNE STEWART,**<br><br>Debtor. | Case No.: 3:20-bk-14509<br>(Chapter 11) |
| **BRADFORD WAYNE STEWART,**<br><br>Plaintiff,<br><br>v.<br><br>**NAVIENT SOLUTIONS, LLC et al.,**<br><br>Defendants. | Adv. No. 3:23-ap-01057 |

**NELNET SERVICING, LLC d/b/a FIRSTMARK SERVICES
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Nelnet Servicing, LLC d/b/a Firstmark Services ("**Nelnet**"), by its undersigned counsel Brownstein Hyatt Farber Schreck, LLP, hereby moves to dismiss the complaint of the Plaintiff against Nelnet (the "**Motion to Dismiss**") in the above-captioned adversary proceeding (the "**Adversary Proceeding**") and in support thereof, states as follows:

1. Plaintiff, Bradford Wayne Stewart (the "**Debtor**" or "**Plaintiff**"), is an individual Chapter 11 Debtor, operating under a confirmed individual Chapter 11 plan. The Complaint seeks to discharge various student loan obligations pursuant to 11 U.S.C. § 523(a)(8).

2. As set forth in paragraph 20 of the Complaint, Plaintiff asserts that he owes the following private student loan debt (collectively the "**Relevant Student Loans**"): (1) two private Ed-Invests loans, allegedly serviced by Acapita Education Finance ("**Acapita**"), totaling

$22,192.24, as evidenced by Proofs of Claim No. 10 and 11 (the "**Acapita Loans**"), and (2) one private CitiAssist Residency, Relocation & Review loan from Citibank serviced by Firstmark for $5,000, as evidenced by Proof of Claim No. 12 (the "**Citibank Loan**").

3. As set forth below, there are two main grounds for dismissal of the Complaint against Nelnet under Fed. R. Bank. P. 7012(b): (a) dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against Nelnet and (b) dismissal under Fed. R. Civ. P. 12(b)(1) because this proceeding is not yet ripe.

A. *The Complaint Should be Dismissed under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Against Nelnet under Section 523(a)(8).*

4. The Complaint fails to state a claim upon which relief can be granted against Nelnet with regard to the Relevant Loans. *See* Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

5. Here, the Plaintiff does not allege that Nelnet owns any of his student loans, and Nelnet does not believe that it directly owns any student loans owed by the Plaintiff. The Relevant Student Loans are the only loans referenced in the Complaint that Nelnet believes it has (or had) any relationship to.

6. With respect to the Acapita Loans, Firstmark Services filed Proof of Claims Nos. 10 and 11 on behalf of Acapita. *See* Compl. Exs. B and C. Nelnet believes that the Acapita Loans were subsequently acquired by a Nelnet affiliate. It is not clear under the Complaint, however, whether the Plaintiff is seeking a discharge against Nelnet for the Acapita Loans. Section 523(a)(8) provides that a discharge "does not discharge an individual debtor from any debt—unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8) (emphasis added). The term "debt" means "liability on a claim." *See* 11 U.S.C. § 101(12). Therefore, to state a plausible claim for discharge under section 523(a)(8), a plaintiff must allege that it owes a debt to the defendant (Nelnet) and that the defendant (Nelnet) has a right to that debt's repayment. *See Kish v. Verniero (In re Kish)*, 221 B.R. 118, 133 (Bankr. D.N.J. 1998) ("An action which has the sole purpose of determining the dischargeability of a debt . . . fails to state a claim upon which relief can be granted as against non-creditors . . . ."). The Complaint, as pleaded, simply does not meet this standard. Plaintiff has failed to allege any facts suggesting that Nelnet is a creditor of Plaintiff or alleging relief against Nelnet under section 523(a)(8) on account of the Acapita Loans.

7. With respect to the Citibank Loan, Firstmark Services also filed Proof of Claim No. 12 on behalf of Citibank, N.A., which the Plaintiff alleges is the servicer of the Citibank Loan. Nelnet believes that this loan has been paid in full. Regardless, to the extent that Firstmark Services is still the servicer of this loan, Plaintiff must seek to discharge this student loan debt through proceeding against the holder of the debt (Citibank, N.A.) rather than the mere servicer.[1]

---

[1] Citibank N.A. is not a defendant in this action.

*In re Aalabdulrasul*, 2012 WL 1597277, at *2 (Bankr. N.D. Iowa May 7, 2012); *Nitka v. U.S. Dep't of Educ. (In re Nitka)*, Case No. 18-01230-TBM, ECF No. 20 (Bankr. D. Colo. Feb. 6, 2019); *In re Shanks*, 2014 WL 4365962, at *1 (Bankr. N.D. Ga. Aug. 28, 2014); *In re Hubbard*, 2014 WL 1654703, at *4 (Bankr. E.D. Tenn. Apr. 25, 2014). For this reason, the Complaint fails to state a claim upon which relief can be granted against Nelnet specifically with respect to the Citibank Loan under Fed. R. Civ. Pro. 12(b)(6). *Kish*, 221 B.R. at 133.

8. Accordingly, the Complaint fails to state a claim for relief against Nelnet with respect to all of the Relevant Loans and the Adversary Proceeding against Nelnet should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), which is made applicable to this proceeding by Bankruptcy Rule 7012(b).

**B.  The Complaint Should be Dismissed Under Fed. R. Civ. P. 12(b)(1) for Lack of Ripeness.**

9. Irrespective of whether or not Nelnet holds, or merely services, one or more of Plaintiff's student loans, Nelnet joins in the arguments of Navient Solutions, LLC and Navient Credit Finance Corporation (collectively, "**Navient**") and Educational Credit Management Corporation ("**ECMC**") that the Adversary Proceeding should be dismissed pursuant to Bankruptcy Rule 7012(b), which incorporates by reference Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, on the basis that the determination of the dischargeability of the educational loans alleged in the Complaint is not yet ripe.

10. Pursuant to Bankruptcy Rule 7010 and Fed. R. Civ. P. 10(c), Nelnet adopts and incorporates by reference both (a) pages 3 to 7 of the Motion to Dismiss filed on behalf of Navient (Docket No. 5) (the "**Navient MTD**") under the heading "Argument and Authorities,"

4

and (b) paragraphs 7 and 8 of the Motion to Dismiss filed by ECMC (the "**ECMC MTD**"), as if each of those arguments were fully set forth herein. Attached as Exhibits 1 and 2 are copies of the Navient MTD and ECMC MTD, respectively.

      11.    Specifically, the Debtor is seeking an undue hardship discharge related to loans allegedly held or serviced by Nelnet three years before the Debtor will have completed his individual chapter 11 plan and be available for a general discharge pursuant to 11 U.S.C. § 1141(d)(5). In *In re Bender*, the court held in the Chapter 13 context that the dischargeability inquiry is a factual issue that looks at whether there is undue hardship at the time of discharge, not whether there is undue hardship at the time that a section 523(a)(8) proceeding is commenced. 368 F.3d at 848. The *Bender* court held that an adversary proceeding seeking dischargeability should commence relatively close to the date of discharge so that the court can make its undue hardship determination "in light of the debtor's actual circumstances at the relevant time." *Id.*

      12.    Unlike a corporate debtor, an individual debtor in Chapter 11 does not generally receive a discharge on plan confirmation. Rather, the discharge under 11 U.S.C. § 1141(d)(5) follows the chapter 13 model, under which the debtor receives a discharge only upon completion of payments under the confirmed plan. 8 *Collier on Bankruptcy* ¶ 1141.05[2][a] (16th ed. 2023). The language of section 1141(d)(5) was meant for the treatment of individual chapter 11 debtors to mirror the treatment of individual chapter 13 debtors. *Id.* Thus, Nelnet agrees that the line of cases cited in the Navient MTD for the proposition that the complaint is not yet ripe are applicable in the individual chapter 11 context due to section 1141(d)(5) being sufficiently analogous to section 1328(a). Accordingly, Nelnet joins Navient and ECMC in their arguments

that the Complaint is not yet ripe.

WHEREFORE, for the foregoing reasons, Nelnet respectfully requests that the Court enter an order dismissing the Complaint with prejudice and granting such other relief as the Court deems proper.

DATED this 27th day of December 2023.

                BROWNSTEIN HYATT FARBER SCHRECK, LLP

                */s/ David B. Meschke*
                David B. Meschke, Colo. Bar No. 47728
                675 15th Street, Suite 2900
                Denver, CO 80202
                Telephone: (303) 223-1100
                Email: dmeschke@bhfs.com

                *Attorneys for Defendant Nelnet Servicing, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December 2023 I electronically filed a true and correct copy of the foregoing **NELNET SERVICING, LLC d/b/a FIRSTMARK SERVICES MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the clerk of the court using the CM/ECF system which will send notification of such filing to the following counsel:

Kevin P. Keech
KEECH LAW FIRM, PA
2011 So. Broadway Street
Little Rock, Arkansas 72206
kkeech@keechlawfirm.com

*Counsel for Plaintiff*

Charles T. Coleman
WRIGHT, LINDSEY & JENNINGS LLP
200 W. Capital Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
ccoleman@wlj.com

*Counsel for Educational Credit Management Corporation*

J. Brad Moore
WETZEL & MOORE, P.A.
212 Center Street, 10th Floor
Little Rock, AR 72201
jbmoore@wetzelandmoore.com

*Counsel for Navient Solutions, and LLC, Navient Credit Financial Corp.*

Justin Homes
SESSIONS, ISRAEL & SHARTLE, LLC
3838 n. Causeway Blvd., Suite 2800
Metairie, LA 70002-8319
Jhomes@sessions.legal

*Counsel for University Accounting Service, LLC*

U.S. Trustee (ust)
Office of U. S. Trustee
200 W. Capital, Suite 1200
Little Rock, AR 72201

*/s/ Paulette M. Chesson*
Paulette M. Chesson, Paralegal
Brownstein Hyatt Farber Schreck, LLP
675 15th Street, Suite 2900
Denver, CO 80202
303-223-1100

26790772